Ramon **AYALA–FLORES** and **Ofelia Ayala,** Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 80–3080.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Sept. 15, 1981.

Decided Oct. 23, 1981.

---

M. Hector Cisneros, Detroit, Mich., for petitioners.

James C. Cissell, U. S. Atty., Patrick J. Hanley, Asst. U. S. Atty., Cincinnati, Ohio, James P. Morris, Robert Kendall, Criminal Division, Dept. of Justice, Washington, D. C., for Immigration and Naturalization Service.

Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and DUNCAN,* District Judge.

PER CURIAM.

Petitioners seek review of a deportation order issued by the Immigration and Naturalization Service on August 28, 1979 and an order of the Board of Immigration Appeals dismissing their appeal. Petitioners, husband and wife, are Mexican citizens who illegally remained in the United States after expiration of their thirty-day visitor's visa in September, 1976. Petitioners have lived and worked in the United States since this time. In 1977, Mrs. Ayala gave birth to a daughter, who is, consequently, a United States citizen.

At a deportation hearing on August 28, 1979, petitioners appeared with counsel and admitted deportability under 8 U.S.C. § 1251(a)(2). The Immigration Judge granted them sixty days in which to leave the United States voluntarily. Petitioners then appealed to the Board of Immigration Appeals, alleging that deportation of illegal aliens who are the parents of a minor United States citizen, constitutes an unconstitutional *de facto* deportation of a citizen. The Board dismissed the appeal in a per curiam opinion, and granted petitioners thirty days to depart the country voluntarily. .

On appeal to this court, petitioners reiterate their contention that their deportation would work a *de facto* deportation of their child, in violation of the child's constitutional rights of citizenship. While we recognize that the Ayalas' child enjoys all the rights of United States citizenship, including the right to live in the United States, we do not agree that deportation of her parents is an unconstitutional abridgement of those rights. The Third Circuit Court of Appeals rejected petitioners' precise argument in an opinion we find persuasive. In *Acosta v. Gaffney*, 558 F.2d 1153 (1977), Judge Maris accurately described the rights of a minor United States citizen who is the child of alien parents:

> In the case of an infant below the age of discretion, the right [of citizenship] is purely theoretical . . . since the infant is incapable of exercising it. . . . "[A] minor child who is fortuitously born here due to his parents' decision to reside in this country, has not exercised a deliberate decision to make this country his home, and Congress did not give such a child the ability to confer immigration benefits on his parents. . . . It gave this privilege to those of our citizens who had themselves chosen to make this country their home and did not give the privilege to those minor children whose noncitizen

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

parents make the real choice of family residence."[1]

*Id.* at 1157, *quoting Perdido v. Immigration and Naturalization Service,* 420 F.2d 1179, 1181 (5th Cir. 1969).

Petitioners' child, once she reaches the age of discretion, will be able to decide for herself where she will live, and at that time, she will be free to· return and make her home in this country. Her parents' deportation will not affect here right to do so. Until that time, we presume petitioners wish her to reside with them, in Mexico or elsewhere. Petitioners, however, cannot extend their illegal stay by claiming that their deportation will deprive their child of citizenship rights. Were we to hold otherwise, we would create a substantial loophole in the immigration laws, allowing all deportable aliens to remain in this country if they bear children here. *See Acosta v. Gaffney, supra.*

Accordingly, we affirm the orders of deportation against petitioners.

---

1. Under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b), United States citizens over twenty-one years of age can secure the admission of their alien parents to this country as non-quota immigrants.