NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0292n.06

No. 13-3952

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

FAUSTINO HERNANDEZ-LARA,      )
                                   )
      Petitioner,               )

**FILED**
Apr 21, 2014
DEBORAH S. HUNT, Clerk

v.                                  )     ON PETITION FOR REVIEW
                                   )     FROM THE UNITED STATES
ERIC H. HOLDER, JR., Attorney General,     )     BOARD OF IMMIGRATION
                                   )     APPEALS
      Respondent.           )
                                   )
                                   )

BEFORE:    MOORE, ROGERS, Circuit Judges; NIXON, District Judge.[*]

ROGERS, Circuit Judge. Faustino Hernandez-Lara petitions to review a decision from

the Board of Immigration Appeals denying his application for cancellation of removal. The

Board agreed with the immigration judge that Hernandez's removal to Mexico would not result

in the requisite level of "exceptional and extremely unusual" hardship to his United States-

citizen child to warrant cancellation of removal. On appeal, Hernandez argues that the Board's

discretionary determination denying him relief violates his daughter's constitutional right to

equal protection of the laws. In addition, Hernandez challenges the immigration judge's finding

that the evidence presented was insufficient to demonstrate that Hernandez was continually

present in the United States for ten years, making him ineligible for cancellation of removal. In

its decision denying Hernandez relief, the Board did not rely on the immigration judge's

---

[*] The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

conclusions regarding the "continuous presence" requirement, focusing instead on his failure to establish exceptional hardship to his daughter. Because this court lacks jurisdiction to review the Board's discretionary determination under 8 U.S.C. § 1229b, and because Hernandez has failed to articulate a cognizable constitutional claim on behalf of his daughter, we deny the petition for review.

Hernandez is a native and citizen of Mexico. At some point, he entered the United States illegally with the mother of his United States-citizen child, AHF, who is now six years old. In 2010, the Department of Homeland Security initiated removal proceedings against Hernandez under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. AR 291. Hernandez conceded removability, and filed an application for cancellation of removal with the immigration court, pursuant to § 1229b(b)(1) & (d)(1). To be eligible for cancellation of removal, Hernandez was required to show that (1) he had been physically present in the United States for at least ten years immediately preceding his application; (2) that he had been a person of good moral character during that period; (3) that he had not been convicted of certain enumerated criminal offenses; and (4) that his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1)(A)-(D).

The immigration judge denied Hernandez's application for cancellation of removal, concluding that Hernandez had not established that his removal would cause his United States-citizen daughter the "exceptional and extremely unusual hardship" required to grant him relief. 8 U.S.C. § 1229b(b)(1)(D). In making this determination, the immigration judge weighed two scenarios he found equally plausible: one in which AHF would return to Mexico with her father

(and possibly her mother), and one in which AHF would remain in the United States (likely with her mother).

If AHF returned to Mexico with her father, she would be able to reside, at least for a time, with her paternal grandmother, and while there would be some financial hardship and a reduction in the standard of living, the immigration judge found that "[t]here is nothing to suggest…that [AHF's parents], who are both employable, would be unable to meet the necessities of their daughter." The court concluded that "it is clear [AHF] would not be deprived of education in Mexico," and that the possibility of AHF's exposure to "generalized violence in Mexico" is no greater than that of any other citizen. Finally, while AHF had benefitted from treatment for language problems until she was three years old, Hernandez admitted he believes "that she now falls within normal limits for speech and development," and the court determined "that any concerns about special education needs in the future are…speculative."

If AHF were to remain in the United States, presumably with her employed mother, the immigration judge determined that AHF "would be able to continue to receive Government-paid health insurance as well as the prospect of additional support in the form of food stamps and housing, if needed and the family qualified." Therefore, any economic hardship attributable to her father's departure and income reduction "would not be extreme." While Hernandez's return to Mexico "would involve some level of emotional hardship in that she would not have contact with respondent and would not benefit from his parental guidance," the immigration judge found that "considering all factors . . . these fall within the range of normal hardship that would typically be experienced in a situation where an alien departs the United States and has close family members in this country." The hardship to AHF, the immigration judge concluded, would therefore not be extreme or unusual. The immigration judge also found that Hernandez's

testimony and evidence about the precise date on which he entered the United States was "vague" and "raise[d] doubt as to the accuracy and reliability of the respondent's claimed entry date."

Hernandez appealed the decision of the immigration judge. The Board affirmed, agreeing with the immigration judge's analysis and conclusion that Hernandez had not met his burden of proving that his removal would result in exceptional and extremely unusual hardship to his daughter. The Board did not reach the alternative ground of the immigration judge's decision that there was not sufficient evidence to prove that Hernandez had been continuously present in the United States for ten years. On appeal to this court, Hernandez argues that the immigration judge's (and subsequently the Board's) decision applying § 1229b(b)(1) violates AHF's right to equal protection.

AHF's constitutional rights are not implicated by the Board's discretionary determination that Hernandez failed to establish the requisite statutory "exceptional and extremely unusual hardship to a qualifying relative." Although the court lacks jurisdiction to review the determination of whether a petitioner has met this burden as a matter of fact, *see Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011), we do have jurisdiction to review "constitutional claims and questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). Hernandez's claim that the government's decision to remove him to Mexico will violate AHF's equal protection rights is within the purview of this court's jurisdiction. Hernandez argues that the implementation of the "exceptional and extremely unusual hardship" requirement violates AHF's constitutional rights because it adversely affects only those members of the class of United States-citizen children like AHF whose parents are subject to removal from this country. The petitioner's argument in this regard is not entirely clear as to how the Board's application of the Immigration and Nationality

Act violates the Equal Protection Clause. In any event, the law on this point is settled: a United States-citizen child's constitutional rights are not implicated by the government's otherwise valid decision to deport that child's parents. *Newton v. I.N.S.*, 736 F.2d 336, 343 (6th Cir. 1984); *see also Payne-Barahona v. Gonzales*, 474 F.3d 1, 2 (1st Cir. 2007), *Oforji v. Ashcroft*, 354 F.3d 609, 618 (7th Cir. 2003), *Urbano de Malaluan v. I.N.S.*, 577 F.2d 589, 594 (9th Cir. 1978), *Perdido v. I.N.S.*, 420 F.2d 1179, 1181 (5th Cir. 1969). As we noted in *Newton*, "Were we to hold otherwise, we would create a substantial loophole in the immigration laws, allowing all deportable aliens to remain in this country if they bear children here." *Newton*, 736 F.2d at 343 (quoting *Ayala-Flores v. I.N.S.*, 662 F.2d 444, 446 (6th Cir. 1981)).

Hernandez has stated no valid constitutional claim, and this court otherwise lacks jurisdiction to review the agency's determination that Hernandez's removal would not result in the requisite level of hardship to AHF under § 1229b(b)(1)(D). There is no need to address Hernandez's alternative argument that the immigration judge erred with respect to whether Hernandez had been continuously present in the United States for the past ten years. In any event, the Board did not rely on that ground.

Accordingly, Hernandez's petition for review is DENIED.