NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0655n.06

No. 16-3319

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 06, 2016

DEBORAH S. HUNT, Clerk

EDGAR BAMACA-PEREZ,

    Petitioner,

v.

LORETTA E. LYNCH, U.S. Attorney
General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

PER CURIAM. Edgar Bamaca-Perez petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal.

Bamaca-Perez, a native and citizen of Guatemala, entered the United States without inspection in December 1999. In 2011, the Department of Homeland Security served Bamaca-Perez with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Bamaca-Perez appeared before an immigration judge (IJ) and conceded removability. Bamaca-Perez subsequently applied for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). After a hearing, the IJ denied Bamaca-Perez's application for cancellation of removal, finding that hardship did exist but did not rise to the level of exceptional and extremely

unusual hardship. Bamaca-Perez appealed the IJ's decision. Dismissing the appeal, the BIA rejected Bamaca-Perez's argument that the IJ should have considered the "best interests of the children" and concluded that the IJ "provided a proper and full consideration of the appropriate hardship standard for purposes of cancellation of removal." This timely petition for review followed.

To be eligible for cancellation of removal under Section 240A(b) of the Immigration and Nationality Act (INA), the alien must establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The agency's hardship determination is a discretionary decision outside the scope of our review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). Bamaca-Perez contends that the "best interests of the child" must be considered as an explicit factor in the hardship analysis when the qualifying relative is a child. We have jurisdiction to review this legal question. *See* 8 U.S.C. § 1252(a)(2)(D); *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011). "Questions of law are reviewed de novo, but substantial deference is given to the BIA's interpretation of the INA and accompanying regulations." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

Article 3(1) of the United Nations Convention on the Rights of the Child (CRC), Nov. 1, 1989, 1577 U.N.T.S. 3, 28 I.L.M. 1448, states: "In all actions concerning children, whether undertaken by public or private social welfare institutions, courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration." 28 I.L.M. at 1459. As Bamaca-Perez acknowledges, the United States has not ratified the CRC. *See Roper v. Simmons*, 543 U.S. 551, 576 (2005). Bamaca-Perez asserts that the CRC's "best

interests of the child" standard has attained the status of customary international law and therefore must be considered as an explicit factor in the hardship analysis under INA § 240A(b)(1)(D) when the qualifying relative is a child. Resort to customary international law is appropriate "where there is no treaty and no controlling executive or legislative act or judicial decision." *The Paquete Habana*, 175 U.S. 677, 700 (1900); *see Oliva v. U.S. Dep't of Justice*, 433 F.3d 229, 233 (2d Cir. 2005). Congress has enacted legislation establishing the applicable standard for cancellation of removal—"removal would result in exceptional and extremely unusual hardship to the alien's . . . child." 8 U.S.C. § 1229b(b)(1)(D). That statutory standard, and not the CRC's "best interests of the child" standard, applies to Bamaca-Perez's application for cancellation of removal. *See Oliva*, 443 F.3d at 234; *see also Flores-Nova v. Attorney Gen. of U.S.*, 652 F.3d 488, 495 (3d Cir. 2011); *Payne-Barahona v. Gonzales*, 474 F.3d 1, 3-4 (1st Cir. 2007). Even if the CRC's standard were relevant, as the Ninth Circuit has pointed out, the "child's 'best interests' are precisely the issue before the agency, in the sense that 'best interests' are merely the converse of 'hardship.' In other words, the agency's entire inquiry focuses on the qualifying children, making their interests a 'primary consideration' in the cancellation-of-removal analysis." *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005).

The BIA properly concluded that the CRC's "best interests of the child" standard did not apply and that the IJ considered the appropriate hardship standard under INA § 240A(b)(1)(D). Accordingly, we **DENY** Bamaca-Perez's petition for review.