**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0528n.06

No. 18-4138

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| NANCY GONZALEZ-VALDERRAMA, | ) | **FILED**<br>Oct 16, 2019<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

BEFORE: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

PER CURIAM. Nancy Gonzalez-Valderrama petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for cancellation of removal.

Gonzalez-Valderrama, a native and citizen of Mexico, entered the United States without inspection in November 2002. In May 2013, after her conviction for driving under the influence, the Department of Homeland Security served Gonzalez-Valderrama with a notice to appear in removal proceedings, charging her with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Gonzalez-Valderrama appeared before an immigration judge (IJ) and conceded removability as charged. Gonzalez-Valderrama subsequently applied for cancellation of removal on the basis that her removal would result in exceptional and extremely unusual hardship to her United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). At the hearing on her application, Gonzalez-Valderrama testified that,

if she were removed, she would take her two daughters with her to Mexico, where they would face financial difficulties and crime and would not have access to the same levels of education and health care as they do in the United States.

After the hearing, the IJ denied Gonzalez-Valderrama's application for cancellation of removal, finding that the hardship suffered by her children "would fall well within the range of 'normal' hardship experienced by any family forced to return to, and live[] in[,] Mexico" and would not rise to the level of exceptional and extremely unusual hardship. Gonzalez-Valderrama appealed the IJ's decision. The BIA initially dismissed Gonzalez-Valderrama's appeal for failure to file a brief but granted her motion to reopen. After Gonzalez-Valderrama filed a brief, the BIA dismissed the appeal, concluding that she had not demonstrated that her children would suffer exceptional and extremely unusual hardship if they accompanied her to Mexico. This timely petition for review followed.

To be eligible for cancellation of removal under Section 240A(b) of the Immigration and Nationality Act (INA), the alien must establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The agency's hardship determination is a discretionary decision outside the scope of our review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). We retain jurisdiction, however, to consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722 (6th Cir. 2015). In support of her petition for review, Gonzalez-Valderrama asserts that, as a matter of statutory interpretation, the best interests of the child must be a primary consideration in determining whether an alien's removal would result in exceptional and extremely unusual hardship to a

qualifying child. We review this question of law de novo, but give substantial deference to the BIA's interpretation of the INA. *Ventura-Reyes v. Lynch*, 797 F.3d 348, 361 (6th Cir. 2015).

According to the government, we lack jurisdiction to consider Gonzalez-Valderrama's petition because she failed to present her "best interests of the child" arguments to the agency. "[I]n an appeal from an order of removal, we have jurisdiction to review only those claims as to which the alien has exhausted [her] administrative remedies, that is, those claims 'properly presented to the BIA and considered on their merits.'" *Hasan v. Ashcroft*, 397 F.3d 417, 419 (6th Cir. 2005) (quoting *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)); *see* 8 U.S.C. § 1252(d)(1) (allowing judicial review "only if . . . the alien has exhausted all administrative remedies available as of right"). Gonzalez-Valderrama responds that determination and application of the proper rule of law is not an issue subject to exhaustion, citing *Kamen v. Kemper Financial Services, Inc*., 500 U.S. 90, 99 (1991). But the *Kamen* case did not involve a statutory exhaustion requirement. This court has previously held that it lacked jurisdiction to consider statutory and constitutional challenges to the BIA's precedent interpreting "exceptional and extremely unusual hardship" because the petitioner failed to raise them before the BIA. *See Montanez-Gonzalez*, 780 F.3d at 724. We likewise lack jurisdiction to consider Gonzalez-Valderrama's "best interests of the child" claim because she failed to raise it before the BIA.

Even if we did have jurisdiction to consider Gonzalez-Valderrama's "best interests of the child" claim, it is without merit. Article 3(1) of the United Nations Convention on the Rights of the Child (CRC), Nov. 1, 1989, 1577 U.N.T.S. 3, 28 I.L.M. 1448, states: "In all actions concerning children, whether undertaken by public or private social welfare institutions, courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration." 28 I.L.M. at 1459. Gonzalez-Valderrama contends that the CRC's "best interests of the child" standard constitutes customary international law and that the BIA's interpretation of

"exceptional and extremely unusual hardship" conflicts with that customary international law by failing to identify the best interests of the child as a primary factor in the hardship determination.

Gonzalez-Valderrama relies on the maxim of statutory construction that "an act of Congress ought never to be construed to violate the law of nations if any other possible construction remains." *Murray v. The Schooner Charming Betsy*, 6 U.S. (2 Cranch) 64, 118 (1804). But the BIA's interpretation of "exceptional and extremely unusual hardship" does not run afoul of the CRC's "best interests of the child" standard. In making the hardship determination, the BIA considers several factors in the aggregate, including the age, health, and circumstances of the qualifying relative. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63–64 (B.I.A. 2001). As this court has previously recognized, when an alien seeks cancellation of removal on the basis that her removal would result in exceptional and extremely unusual hardship to her qualifying child, that "child's 'best interests' are precisely the issue before the agency, in the sense that 'best interests' are merely the converse of 'hardship.' In other words, the agency's entire inquiry focuses on the qualifying children, making their interests a 'primary consideration' in the cancellation-of-removal analysis." *Bamaca-Perez v. Lynch*, 670 F. App'x 892, 893 (6th Cir. 2016) (quoting *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005)). The BIA does not, as Gonzalez-Valderrama claims, exclude the best interests of the child from the hardship determination.

For these reasons, we **DISMISS** Gonzalez-Valderrama's petition for lack of jurisdiction.