RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0102p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

───────────────

SELENA JEAN COOPER BUTT, ex rel Q.T.R.,

  *Plaintiff-Appellant*,

  *v.*

WILLIAM P. BARR, Attorney General; CHAD F. WOLF,
Acting Secretary, Department of Homeland Security,

  *Defendants-Appellees*.

No. 19-3716

───────────────

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:18-cv-00383—Sarah Daggett Morrison, District Judge.

Decided and Filed:  March 31, 2020

Before:  BOGGS, CLAY, and GIBBONS, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:**  George A. Katchmer, Bloomingburg, Ohio, for Appellant.  Kevin Koller, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

CLAY, Circuit Judge.  Plaintiff, a United States citizen child, appeals the district court's order dismissing his Declaratory Judgment Act claims brought pursuant to 28 U.S.C. § 2201 for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm the district court's order.

## BACKGROUND

Plaintiff brings this action for declaratory relief through his mother.  Plaintiff is a United States citizen child residing in Columbus, Ohio.  Plaintiff's father is a Pakistani citizen and previously a legal permanent resident of the United States.  Plaintiff's father was removed from the United States pursuant to a removal order issued in Cleveland, Ohio.

Plaintiff's filings do not indicate when his father's removal proceeding took place and Plaintiff does not indicate the case name or number for his father's removal proceedings.  Plaintiff's filings also do not provide any information about why his father was removed—for example, which provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, made him deportable.  Accordingly, we do not know whether Plaintiff's father at any time applied for cancellation of removal or whether he petitioned this Court to review the final order of removal entered against him.  *See id.* § 1252 (setting forth requirements for judicial review of removal orders); *cf. Holder v. Martinez Gutierrez*, 566 U.S. 583, 594 (2012) (explaining that § 1229b(a) renders noncitizens convicted of certain aggravated felonies ineligible for cancellation of removal).

In any event, Plaintiff sought two declarations from the district court concerning his father's removal.  First, Plaintiff requested a declaration that his father's removal was unconstitutional as applied to Plaintiff.  Specifically, Plaintiff alleges that his father's removal violates Plaintiff's rights under the Due Process Clause, Equal Protection Clause, the Eighth Amendment, Ninth Amendment, Tenth Amendment, and various international treaties.  Second, Plaintiff sought a declaration that the interview of Plaintiff and his mother during his father's removal proceeding was unconstitutional because, during the interview, U.S. Immigration and Customs Enforcement ("ICE") agents made racially discriminatory comments to Plaintiff and his mother, who are African American.[1]

---

[1]Specifically, Plaintiff alleges that ICE agents told Plaintiff's mother "that Black women always marry Muslim foreigners for money and that they were going to stop Blacks from doing this."  (R. 3, Compl., Pg. ID 10.) He alleges that ICE agents insisted that Plaintiff's mother's marriage to his father was "fake" and threatened his mother with imprisonment.  (*Id.* at Pg. ID 11.)

Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Plaintiff did not oppose Defendants' motion. Approximately eight months later, the district court granted Defendants' motion and dismissed Plaintiff's complaint in its entirety.  The court found that it did not have jurisdiction over Plaintiff's claims brought pursuant to the international treaties because those treaties are not self-executing.  The court next found that it had subject matter jurisdiction over Plaintiff's constitutional claims, but it dismissed those claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because "the law is well-settled that lawfully removing a parent from the United States does not deprive a United States citizen child of a constitutional right."  (R. 27, Op. & Order, Pg. ID 82.)

Plaintiff appeals the district court's order granting Defendants' motion to dismiss.

## DISCUSSION

### A.  Standard of Review

This Court reviews *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6).  *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, 864 F.3d 455, 458 (6th Cir. 2017).  A motion to dismiss is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

This Court also has an independent duty to assess subject matter jurisdiction. *E.g.*, *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006).  "We review a district court's findings as to whether it had subject matter jurisdiction de novo."  *Mehanna v. USCIS*, 677 F.3d 312, 314 (6th Cir. 2012) (quoting *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011)).

**B. Forfeiture**

At the outset, Defendants argue that Plaintiff has forfeited all of his arguments on appeal by not opposing Defendants' motion to dismiss in the district court. However, the district court ruled on the merits of Defendants' motion based on Plaintiff's allegations in his complaint, and Plaintiff's complaint was sufficient to provide Defendants with the requisite notice of all of the claims that he now presents on appeal. Therefore, we do not enforce our forfeiture rule in the present case. *See, e.g.*, *Harris v. Klare*, 902 F.3d 630, 636 (6th Cir. 2018) (explaining that the forfeiture rule "is born of the need 'to ease appellate review by ensuring that district courts consider issues first, and to prevent surprise to litigants'" (quoting *Great Am. Ins. Co. v. E.L. Bailey & Co.*, 841 F.3d 439, 443 (6th Cir. 2016))).

**C. Plaintiff's Treaty-Based Claims**

Plaintiff's complaint alleges that his separation from his father pursuant to the removal order violates the principles of international treaties, including The Universal Declaration of Human Rights (the "Declaration"); the International Covenant on Economic, Social, and Cultural Rights (the "ICESCR"); and the United Nations Convention on the Rights of the Child (the "CRC"). The district court correctly found that it did not have subject matter jurisdiction over Plaintiff's treaty-based claims because none of these treaties create a judicially-enforceable cause of action. *See, e.g.*, *Roper v. Simmons*, 543 U.S. 551, 576 (2005) (stating that the United States has not ratified the CRC); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."); *Rose v. Borsos*, No. 2:17-CV-204, 2018 WL 3967673, at *10 (E.D. Tenn. Aug. 17, 2018) (holding that the ICESCR is not self-executing (collecting cases)).

On appeal, Plaintiff concedes that these treaties are not self-executing but argues that the district court should have taken them into account in order to "consider fully the context in which its decisions are made on issues as sensitive as family unity and the rights of children." (Appellant's Reply Br. at 2.) However, Plaintiff has not alleged in what way any of these treaties' principles were supposedly abridged by his father's valid removal, and it is not clear to us that they were. *Cf. Bamaca-Perez v. Lynch*, 670 F. App'x 892, 893 (6th Cir. 2016) (per

curiam) (rejecting a parent's treaty-based challenge to the standard governing hardship determinations in a cancellation-of-removal case because the immigration courts' "entire inquiry focuses on the qualifying children, making their interests a 'primary consideration' in the cancellation-of-removal analysis" (quoting *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012 (9th Cir. 2005))). Therefore, the district court properly dismissed Plaintiff's treaty-based claims.

## D.  Plaintiff's Constitutional Claims

Plaintiff next contends that his father's removal violates Plaintiff's rights to due process and equal protection under the Fifth Amendment, as well as his rights under the Eighth Amendment and the Ninth Amendment. The district court found that it had subject matter jurisdiction over these claims but dismissed them pursuant to Rule 12(b)(6). For the reasons that follow, we hold that each of Plaintiff's constitutional claims is squarely foreclosed by our precedent and we therefore affirm the district court's dismissal.

Section 242 of the INA, codified at 8 U.S.C. § 1252, provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." *Id.* § 1252(a)(5). That section further consolidates "judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" and provides that such review "shall be available only in judicial review of a final order [of removal]." *Id.* § 1252(b)(9). The Supreme Court has explained that this system "substantially limit[s] the availability of judicial review and streamline[s] all challenges to a removal order into a single proceeding: the petition for review." *Nken v. Holder*, 556 U.S. 418, 424 (2009) (citing § 1252(a)(2), (b)(3)(C), and (b)(9)); *see also, e.g.*, *Kucana v. Holder*, 558 U.S. 233, 249 (2010) (explaining that Congress "aggressively" amended the INA in 1996 in order "to expedite removal of aliens lacking a legal basis to remain in the United States"); *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 483 (1999) (describing § 1252(b)(9) as the "unmistakable 'zipper' clause" of the INA). In addition, § 1252(g) strips courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

In *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615 (6th Cir. 2010), this Court interpreted § 1252 in the context of a citizen child's lawsuit asserting that the removal of his noncitizen mother violated the same constitutional rights as Plaintiff asserts here. We found that we had subject matter jurisdiction over the child's constitutional claims pursuant to 28 U.S.C. § 1331 for two reasons. First, we held that the jurisdiction-stripping provision of § 1252(g) does not apply to an independent action brought by a citizen child when that child raises his or her distinct constitutional rights. *Id.* at 620–23. In other words, we have jurisdiction over a citizen child's constitutional claims so long as those claims are not brought "on behalf of" his or her noncitizen parent. *Id.* at 623 (quoting § 1252(g)).

We then held that § 1252(a)(5) and (b)(9) does not strip federal courts of subject matter jurisdiction to hear a citizen child's constitutional claims because those provisions apply "only [to] claims for judicial review 'arising from any action taken or proceeding brought to remove an alien.'" *Id.* at 626 (quoting 8 U.S.C. § 1252(b)(9)). We found that a "judicial determination that [the plaintiff's] constitutional rights are violated by separation from his mother is distinct from judicial determination of questions 'arising from any action taken or proceeding brought to remove an alien.'" *Id.* at 627 (quoting 8 U.S.C. § 1252(b)(9)). Still, we held that § 1252(b)(9) "does operate to preclude the district court from providing the particular relief that [the plaintiff] seeks—judicial review of his mother's order of removal and cancellation of that order." *Id.* at 626. We stated that "under the current interpretation of § 1252(b)(9), no federal court has the authority to review the order of removal of the [parent] to determine whether a violation of the [child's] constitutional rights renders the imposition of the [parent's] removal order invalid." *Id.* at 628. Therefore, pursuant to Rule 12(b)(6), we held that the plaintiff child had failed to state a claim upon which relief could be granted because no court could redress his alleged

constitutional injury.  *Id.* at 628–29; *see also id.* at 628 n.15 (explaining this Court's decision to resolve the appeal on the basis of Rule 12(b)(6) rather than on the basis of Article III standing).**2**

*Hamdi*'s holding that § 1252(b)(9) precludes a federal court from reviewing and ultimately cancelling the removal of a parent based on the alleged violations of a citizen child's constitutional rights outside of the petition for review applies with full force to the present case. Therefore, the district court did not err by dismissing Plaintiff's constitutional claims under Rule 12(b)(6) because "under the current interpretation of § 1252(b)(9), no federal court has the authority to review" Plaintiff's father's order of removal to determine if Plaintiff's constitutional rights might render the order of removal invalid.  *Hamdi*, 620 F.3d at 628.  To the extent that Plaintiff attempts to navigate around Congress's intent to channel judicial review of orders of removal into the petition for review, *see, e.g.*, § 1252(a)(5), (b)(9), (g), and around this Court's holding in *Hamdi* by seeking a declaration that his father's removal is unconstitutional rather than seeking to enjoin the removal itself, we decline the invitation to elevate form over substance in such a manner.  *See, e.g.*, *Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 17 (1st Cir. 2007) (stating that a court "must look through such easy evasions as creative labeling and consider the fundamental nature of the claims asserted" in order to determine if § 1252(b)(9) bars judicial review).  Because under the current interpretation of § 1252(b)(9) no court would be able to grant the relief that Plaintiff seeks (*i.e.*, review of his father's order of removal), Plaintiff has failed to state a claim upon which relief can be granted. *See Hamdi*, 620 F.3d at 628–29.

Moreover, we are not convinced that the removal of Plaintiff's father does, in fact, implicate any of Plaintiff's constitutional rights.  The district court found that "the law is well-

---

**2**In a separate concurring opinion, Judge Gibbons explained that she would find that § 1252(a)(5) and (b)(9) "create a jurisdictional bar to [the child's] claims." *Hamdi*, 620 F.3d at 629 (Gibbons, J., concurring).  Judge Gibbons stated that, at bottom, the plaintiff child sought to challenge the order removing his mother from the United States, and "[u]nder § 1252(a)(5) and 1252(b)(9), judicial review of such an order can occur only in the context of a petition for review filed with the appropriate court of appeals." *Id.*; *see also Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (holding that the court did not have jurisdiction to review the constitutional claim of citizen children that the removal of their parent violated their due process right to family unity because that claim "raises a legal question squarely within section 1252(b)(9)").  In any event, this Court is bound by our holding in *Hamdi* that § 1252(b)(9) does not preclude jurisdiction to review a citizen child's distinct constitutional claims "unless it is overruled by either our court sitting *en banc* or the Supreme Court." *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001).

settled that lawfully removing a parent from the United States does not deprive a United States citizen child of a constitutional right" (R. 27, Op. & Order, Pg. ID 82), and we agree. With regard to due process, this Court has held that a child's due process rights are not implicated by the otherwise valid deportation of a noncitizen parent. *See, e.g.*, *Newton v. I.N.S.*, 736 F.2d 336, 342–43 (6th Cir. 1984) (rejecting a claim that deportation of a noncitizen parent constitutes an unconstitutional *de facto* deportation of the citizen child); *Ayala-Flores v. I.N.S.*, 662 F.2d 444, 445–46 (6th Cir. 1981) (per curiam) (same); *see also Martial-Emanuel v. Holder*, 523 F. App'x 345, 349–50 (6th Cir. 2013) (rejecting a claim that deportation of a noncitizen parent violates a citizen child's substantive due process right to family unity). Likewise, we have rejected claims that the valid removal of a noncitizen parent deprives a citizen child of equal protection of the laws. *See Hernandez-Lara v. Holder*, 563 F. App'x 401, 403 (6th Cir. 2014); *see also Martial-Emanuel*, 523 F. App'x at 350 (noting that "[i]n the immigration context, our review of equal protection challenges is narrow and highly deferential to the government"). We have found that to hold otherwise "would create a substantial loophole in the immigration laws, allowing all deportable aliens to remain in this country if they bear children here." *Hernandez-Lara*, 563 F. App'x at 403 (quoting *Newton*, 736 F.2d at 343). All of the other circuit courts to consider these issues have agreed. *See, e.g.*, *Marin-Garcia v. Holder*, 647 F.3d 666, 673 (7th Cir. 2011) (holding that "[t]he practice of removing aliens with citizen-children is constitutionally sound"); *Payne-Barahona v. Gonzales*, 474 F.3d 1, 2 (1st Cir. 2007) ("The circuits that have addressed the constitutional issue (under varying incarnations of the immigration laws and in varying procedural postures) have uniformly held that a parent's otherwise valid deportation does not violate a child's constitutional right." (collecting cases)).

The same is true for Plaintiff's claims under the Eighth and Ninth Amendments. To start, "the Eighth Amendment is inapplicable to deportation proceedings because, as the Supreme Court has held, deportation does not constitute [criminal] punishment." *Elia v. Gonzales*, 431 F.3d 268, 276 (6th Cir. 2005) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)). And Plaintiff's father's removal does not violate Plaintiff's rights under the Ninth Amendment because the Ninth Amendment does not confer substantive rights. *E.g.*, *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991).

We are sympathetic to Plaintiff's plight as a result of his father's removal from this country. *See Hamdi*, 620 F.3d at 629; *Newton*, 736 F.2d at 343 n.8. However, given the Constitution's grant of plenary power to Congress in immigration matters and the statutory scheme that Congress has established through the INA, in addition to our own Court's precedent, we are bound to affirm the district court's dismissal of Plaintiff's constitutional claims.

**E. Plaintiff's Selective Enforcement Claim**

Lastly, we must consider Plaintiff's selective enforcement claim, which implicates concerns different from those discussed above. It appears that the district court dismissed this claim pursuant to Rule 12(b)(6), holding that Plaintiff's complaint failed to state a claim upon which relief could be granted. However, the claim should have been dismissed under Rule 12(b)(1) because 8 U.S.C. § 1252(g) precludes courts from exercising jurisdiction over this claim. *See, e.g.*, *Wachovia Bank*, 546 U.S. at 316 (recognizing that federal courts have an independent duty to assess subject matter jurisdiction); *see also La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010) (stating that this Court may affirm the district court's decision on any ground supported by the record).

Plaintiff alleges that he and his mother "were subjected to racially derogatory statements and treated in a racially discriminatory manner by ICE agents, who were white, when interviewed concerning" Plaintiff's father's removal. (R. 3, Compl., Pg. ID 10.) Construing Plaintiff's complaint in his favor as is proper at the motion to dismiss stage, *e.g.*, *Engler v. Arnold*, 862 F.3d 571, 574–75 (6th Cir. 2017), Plaintiff seeks to assert a selective enforcement claim on behalf of his father. Under this approach, Plaintiff contends that the differential treatment to which he and his mother were subjected during his father's removal proceeding shows that his father was removed "based upon ethnic, religious and racial bias" in violation of the Equal Protection Clause of the Fifth Amendment. (R. 3, Compl., Pg. ID 13.) Accepting Plaintiff's allegations as true for purposes of ruling on Defendants' motion to dismiss, the statements allegedly made by the ICE officers are distressing to say the least. However, we do not have jurisdiction to review a selective enforcement claim brought by Plaintiff on behalf of his father under 8 U.S.C. § 1252(g).

As discussed above, § 1252(g) strips federal courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  In *Hamdi*, we held that § 1252(g) does not preclude a court from hearing an independent action brought by a citizen child when that child raises her own constitutional rights that are distinct from her parent's rights.  620 F.3d at 620–23.  We stated that "a complaint brought by a U.S. citizen child who asserts his or her own distinct constitutional rights and separate injury does not fall fairly within the 'on behalf of any alien' jurisdictional bar in § 1252(g)."  *Id.* at 623.  Thus, we held that we had subject matter jurisdiction to hear the plaintiff's claims that removal of his mother violated his distinct constitutional rights, although we held that those claims failed under Rule 12(b)(6).  *See id.* at 628–29.  However, unlike the claims at issue in *Hamdi* and Plaintiff's other constitutional claims discussed above, Plaintiff's selective enforcement claim *is* brought "on behalf of" his father, which implicates the jurisdictional bar of § 1252(g).  This is because Plaintiff does not have an independent constitutional right to prevent the removal of his father based on otherwise protected characteristics.

The Fifth Circuit recently addressed this issue, and we find its reasoning persuasive.  In *Duron v. Johnson*, 898 F.3d 644, 646 (5th Cir. 2018), the Fifth Circuit considered a claim brought by United States citizen children asserting that their parent was selectively targeted for removal based on his Hispanic origin, in violation of the Equal Protection Clause.  The court recognized that § 1252(g) generally bars judicial review of selective enforcement claims because they "aris[e] from" the Attorney General's decision "to commence proceedings, adjudicate cases, or execute removal orders."  *Duron*, 898 F.3d at 647 (quoting § 1252(g)).  It held that the plaintiffs' claim was barred by § 1252(g) because it was brought "on behalf of" their noncitizen parent.  *Duron*, 898 F.3d at 648 (quoting § 1252(g)).

The plaintiffs in that case, relying on this Court's decision in *Hamdi*, argued that their claim was not brought "'on behalf of any alien' but rather by U.S. citizens."  *Id.* at 647 (quoting § 1252(g)).  In rejecting that argument, the Fifth Circuit assumed that *Hamdi*'s rule was correct but nevertheless concluded that even "under *Hamdi*'s rubric, the children brought their selective

enforcement claim 'on behalf of' their father." *Id.* at 648 (quoting *Hamdi*, 620 F.3d at 623). This was because "[f]undamentally, the children complain of discrimination against their *father* based on his national origin, and as a consequence, they rely necessarily on their *father's* right to be free from such discrimination." *Duron*, 898 F.3d at 648. Unlike the claims at issue in *Hamdi*, the children in *Duron* had not asserted their "own distinct constitutional rights" with respect to their father's selective enforcement claim. *Id.* at 647 (quoting *Hamdi*, 620 F.3d at 623). Therefore, the jurisdictional bar of § 1252(g) applied. *Id.* at 648.

We find *Duron*'s reasoning instructive in the present case and its interpretation of our decision in *Hamdi* to be correct. *Hamdi* held that § 1252(g) does not foreclose judicial review of "a complaint brought by a U.S. citizen child who asserts his or her own distinct constitutional rights and separate injury." *Hamdi*, 620 F.3d at 623. However, with regard to selective enforcement, a United States citizen child does not have a "distinct constitutional right" to prevent the allegedly discriminatory removal of her parent. *See Duron*, 898 F.3d at 647–48. Instead, any constitutional right to be free from selective enforcement belongs to the person being removed. *See id.* at 648. In this case, that person is Plaintiff's father. Therefore, Plaintiff's selective enforcement claim is brought "on behalf of" his father and implicates the jurisdictional bar of § 1252(g).

Plaintiff's complaint states that he and his mother were subjected to differential treatment during the interviews concerning Plaintiff's father's removal. Ultimately, the complaint seeks a declaration that the removal of his father was "based upon ethnic, religious and racial bias" and therefore unconstitutional. (R. 3, Compl., Pg. ID 13.) The Supreme Court has held that "[a]s a general matter . . . an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation." *AADC*, 525 U.S. at 488 (footnote omitted); *see also Elgharib v. Napolitano*, 600 F.3d 597, 602 (6th Cir. 2010) (holding that *AADC* remains governing law for determining if § 1252(g) strips us of subject matter jurisdiction to review a noncitizen's selective enforcement claim, even after Congress added new introductory language to the statute through the REAL ID Act of 2005, Pub. L. No. 109–13, § 106, 119 Stat. 231, 310–11). In *AADC*, the Supreme Court set a high bar for selective enforcement claims, stating that "in all cases, deportation is necessary in order to bring to an end *an ongoing violation*

of United States law. The contention that a violation must be allowed to continue because it has been improperly selected is not powerfully appealing." *AADC*, 525 U.S. at 491. In dictum, the Supreme Court held open the possibility that there may be "a rare case in which the alleged basis of discrimination is so outrageous" that a court should allow a noncitizen's selective enforcement claim to proceed, but said that the "general rule" is that "[w]hen an alien's continuing presence in this country is in violation of the immigration laws, the Government does not offend the Constitution by deporting him" for an otherwise impermissible reason. *Id.* at 491–92. In the present case, Plaintiff's allegations do not demonstrate that this is one such "rare case." *Id.* at 491. Instead, because Plaintiff brings this claim "on behalf of" his father and his father does not have a "constitutional right to assert selective enforcement as a defense against his deportation," *id.* at 488, the jurisdictional bar of § 1252(g) strips us of jurisdiction to review the claim. *See Duron*, 898 F.3d at 648.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's order dismissing Plaintiff's complaint.