23-6585
Galicia-Gonzalez v. Garland

BIA
Morris, IJ
A216 405 167

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-four.

PRESENT:
        DENNIS JACOBS,
        MICHAEL H. PARK,
        SARAH A. L. MERRIAM,
        *Circuit Judges.*

_____

VICTOR HUGO GALICIA-GONZALEZ,

    *Petitioner*,

    v.                                 **23-6585**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

    *Respondent.*

_____

FOR PETITIONER:        RYAN CHABOT (Alan Schoenfeld, *on the brief*)
                             Wilmer Cutler Pickering Hale and Dorr LLP,
                             New York, NY.

**FOR RESPONDENT:**   CHRISTINA R. ZEIDAN, Trial Attorney, Office of Immigration Litigation (Brianne Whelan Cohen, Senior Litigation Counsel, *on the brief*) *for* Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Victor Hugo Galicia-Gonzalez, a native and citizen of Mexico, seeks review of a May 12, 2023, decision of the BIA affirming a September 26, 2019, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). *In re Victor Hugo Galicia-Gonzalez*, No. A216 405 167 (B.I.A. May 12, 2023), *aff'g* No. A216 405 167 (Immigr. Ct. Hartford Sept. 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) ("When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." (cleaned up)). Although our jurisdiction to review the denial of cancellation of removal is limited, we retain jurisdiction over questions of law, and we

review Galicia-Gonzalez's claims de novo. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007).[1]

Galicia-Gonzalez argues that the "exceptional and extremely unusual hardship" requirement in § 1229b(b)(1)(D) is ambiguous and therefore must be interpreted to avoid conflict with the U.N. Convention on the Rights of the Child ("CRC"), Nov. 20, 1989, 1577 U.N.T.S. 3, 28 I.L.M. 1448. As relevant here, the statute limits cancellation of removal to those who can demonstrate "that removal would result in *exceptional and extremely unusual hardship* to the alien's . . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). The BIA has interpreted this requirement to mean that "the hardship to an alien's relatives, if the alien is obliged to leave the United States, must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). The BIA assesses "all hardship factors . . . in the aggregate." *Id.* at 64.

---

[1] Galicia-Gonzalez asks that we remand because the BIA failed to consider his legal argument on appeal. But we may review pure questions of statutory construction without remanding to the agency. *See Yan Yang v. Barr*, 939 F.3d 57, 61 (2d Cir. 2019). Moreover, remand is never required absent a "realistic possibility" that the BIA would have reached a different conclusion but for the challenged errors. *Alam v. Gonzales*, 438 F.3d 184, 187 (2d Cir. 2006) (quotation omitted). Although the BIA should have engaged with Galicia-Gonzalez's legal argument, *see Ojo v. Garland*, 25 F.4th 152, 164 (2d Cir. 2022), that argument fails as a matter of law for the reasons discussed below. We can thus "confidently predict" that the BIA would reach the same decision if we were to remand for further consideration. *Xiao Ji Chen v. Dep't of Just.*, 471 F.3d 315, 339 (2d Cir. 2006).

The CRC, for its part, states that: "In all actions concerning children, . . . the best interests of the child shall be a primary consideration." 1577 U.N.T.S. at 46.

We need not decide whether the CRC is customary international law as Galicia-Gonzalez argues, because even if it is, § 1229b's unambiguous "exceptional and extremely unusual hardship" requirement controls. *See Oliva v. Dep't of Just.*, 433 F.3d 229, 236 (2d Cir. 2005) ("[C]lear congressional action trumps customary international law." (quotation marks omitted)); *see also Flores-Nova v. Att'y Gen. of the U.S.*, 652 F.3d 488, 495 (3d Cir. 2011) ("Article 3(1) is not binding on the United States or this Court to the extent it conflicts with . . . § 1229b(b), in which Congress set forth the extent to which a child's hardship may be considered in determining eligibility for cancellation of removal."); *Payne-Barahona v. Gonzales*, 474 F.3d 1, 3–4 (1st Cir. 2007); *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir. 2005); *Bamaca-Perez v. Lynch*, 670 F. App'x 892, 893 (6th Cir. 2016). Section 1229b(b)(1)(D) unambiguously requires a "rigorous comparative standard." *Cabrera-Alvarez*, 423 F.3d at 1012. "Any interpretation that required a child's best interests to be weighted more heavily than the comparative assessment would be at odds with the text of the statute." *Id*. at 1012–13. The IJ thus applied the appropriate legal standard in considering Galicia-Gonzalez's eligibility for cancellation of removal.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court