**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BERNABE PEREZ-GARCIA,
a/k/a Saul Perez-Garcia,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 18-9564
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Bernabe Perez-Garcia petitions for review of the Board of Immigration

Appeals ("BIA") decision affirming the immigration judge's ("IJ") denial of his

application for withholding of removal and for protection under the Convention

Against Torture ("CAT"). The BIA also denied Mr. Perez-Garcia's motion to

remand to the IJ or for termination of the proceedings. We deny the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Perez-Garcia is a native and citizen of Mexico. He entered the United States illegally in 1996. After twice being removed to Mexico in 2000, he illegally reentered the United States for a third time and has lived here ever since.

In 2014, the Department of Homeland Security ("DHS") reinstated Mr. Perez-Garcia's 2000 order of removal. *See* 8 U.S.C. § 1231(a)(5). He informed DHS that he feared persecution if returned to Mexico. An asylum officer interviewed Mr. Perez-Garcia and made a negative reasonable fear determination.

Mr. Perez-Garcia requested a review of the asylum officer's determination. DHS sent a Notice of Referral ("NOR") to the immigration court and served it on Mr. Perez-Garcia. It advised him to report for a hearing on a date and time "to be determined." Admin. R. at 634.

Before the hearing occurred, the IJ conducted a reasonable-fear review. He vacated the asylum officer's determination and placed Mr. Perez-Garcia in "withholding-only" proceedings.[1] In January 2016, the immigration court sent Mr. Perez-Garcia a notice informing him of when his initial withholding-only hearing

---

[1] "Withholding-only" proceedings occur when noncitizens subject to a reinstated removal order express reasonable fear of returning to their native country. *See* 8 C.F.R. § 208.31(a), (g)(2)(i); *Luna-Garcia v. Holder*, 777 F.3d 1182, 1183-84 (10th Cir. 2015) (describing withholding-only procedure following reinstatement of order of removal); *see also R-S-C v. Sessions*, 869 F.3d 1176, 1179-80 (10th Cir. 2017) (explaining that noncitizens subject to reinstated removal orders may not apply for asylum but may seek withholding of removal through withholding-only proceedings).

would occur.  He later received notice that the hearing had been rescheduled to May 12, 2016.

Mr. Perez-Garcia appeared at the May 12 hearing and applied for withholding of removal and CAT protection.  In August 2017, the IJ held a hearing on that application.  Mr. Perez-Garcia testified.  The IJ found his testimony credible.

Mr. Perez-Garcia testified that he was removed from the United States twice in 2000.  Both times he was robbed soon after he arrived in Mexico—first by an unknown man and a second time by police at a checkpoint.  He believed the unknown perpetrator singled him out because of his American clothing and accent.  He was so disturbed that he illegally reentered the United States.  During the second incident, the police threatened to take him to jail, mentioned he had come from the United States, and encouraged each other to take his money.  Within days, Mr. Perez-Garcia again fled and illegally entered the United States for the third time.

The IJ denied relief, reasoning that the two robberies did not constitute past persecution that could support a withholding claim.  Nor did Mr. Perez-Garcia show he was likely to be persecuted on account of a protected ground.  His alleged membership in the category of "Mexican citizens who are being returned from the United States and perceived to be wealthy," *id.* at 90 (quotation marks omitted), was not a protected "cognizable social group," *id.* at 91.  Finally, the IJ said the police robbery was not torture under CAT, and Mr. Perez-Garcia failed to show likelihood of torture if returned to Mexico.  The IJ therefore denied relief and ordered Mr. Perez-Garcia removed to Mexico.

3

After Mr. Perez-Garcia appealed to the BIA, he moved to remand to the IJ to terminate proceedings. He argued, based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), that the Immigration Court had lacked jurisdiction over his removal proceedings. The BIA denied the motion, finding that the NOR and the notice of hearing together had vested the IJ with jurisdiction. Agreeing with the IJ's analysis of the withholding and CAT claims, the BIA dismissed his appeal.

## II. **ANALYSIS**

Where, as here, a single BIA member affirmed the IJ's decision in a brief order, we review the BIA's opinion, but "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Neri-Garcia v. Holder*, 696 F.3d 1003, 1008-09 (10th Cir. 2012) (quotation marks omitted). We review the BIA's legal determinations de novo and its findings of facts for substantial evidence. *See Luevano v. Holder*, 660 F.3d 1207, 1211 (10th Cir. 2011). We review the BIA's denial of a motion to remand under the deferential abuse-of-discretion standard. *Neri-Garcia*, 696 F.3d at 1009.

### 1. **Jurisdictional Issue**

Mr. Perez-Garcia argues the BIA should have granted his motion to remand or terminate proceedings for lack of jurisdiction under *Pereira*. In *Pereira*, the Supreme Court held that a putative "notice to appear" that failed to designate the time or place of a noncitizen's removal proceedings was not a "notice to appear under section 1229(a)" of the immigration statutes. *See Pereira*, 138 S. Ct. at 2113; 8 U.S.C.

4

§1229(a). Such a notice therefore did not trigger the Act's stop-time rule ending the noncitizen's period of continuous presence in the United States for purposes of an application for cancellation of removal. *See id.* at 2113-14; 8 U.S.C. §§ 1229b(d)(1). Mr. Perez-Garcia contends the NOR, which did not designate the date and time of his hearing was insufficient to confer jurisdiction on the immigration court. He further argues that the notice of hearing did not cure this defect. We recently rejected similar *Pereira*-based jurisdictional challenges in published decisions. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1277-78 (10th Cir. 2020); *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1017-18 (10th Cir. 2019). We therefore reject his jurisdictional argument.[2]

2. **Withholding of Removal**

To receive withholding of removal, a noncitizen must show that his "life or freedom would be threatened in [the country of removal] because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "Such persecution must be more likely

---

[2] Mr. Perez-Garcia also argues that the agency deprived him of his due process rights under the Fifth Amendment because the deficient notice did not create personal jurisdiction over him. *See* Aplt. Opening Br. at 17-20. Although his motion to remand made passing references to the IJ's lack of jurisdiction over him as well as over the proceedings, *see* Admin. R. at 36, 37, he did not develop an explicit argument to the BIA for remand or termination of proceedings based on lack of personal jurisdiction or a Fifth Amendment violation. Nor did the BIA address his jurisdictional argument in those terms. Accordingly, this argument has not been exhausted before the BIA and we decline to consider it. *See Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review.").

than not." *Matumona v. Barr*, 945 F.3d 1294, 1304 (10th Cir. 2019) (brackets and quotation marks omitted); *see also* 8 C.F.R. § 1208.16(b)(2).  A showing of past persecution based on a protected ground results in a presumption "that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." *Matumona*, 945 F.3d at 1304 (quoting 8 C.F.R. § 1208.16(b)(1)(i)).

a. *Past persecution*

"[P]ersecution requires the infliction of suffering or harm in a way regarded as offensive and requires more than just restrictions or threats to life or liberty." *Id.* (ellipsis and quotation marks omitted).  "[T]he ultimate determination whether [a noncitizen] has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution." *Xue v. Lynch*, 846 F.3d 1099, 1104 (10th Cir. 2017) (quotation marks omitted).[3]

The BIA determined that the robberies, in which Mr. Perez-Garcia was not physically harmed, did not constitute past persecution.  Based on our precedent, we agree.  *See, e.g.*, *Sidabutar v. Gonzales*, 503 F.3d 1116, 1124 (10th Cir. 2007) (upholding BIA's finding of no past persecution where noncitizen "suffered repeated robberies and some minor injuries"); *Tulengkey v. Gonzales*, 425 F.3d 1277, 1281

---

[3] Although Mr. Perez-Garcia argues this circuit's review standard is erroneous, we are bound by prior panel precedent absent en banc reconsideration or a contrary superseding Supreme Court decision.  *See Xue*, 846 F.3d at 1104.

(10th Cir. 2005) (upholding finding of no past persecution where noncitizen was robbed, fondled, and suffered a minor head injury).  Because Mr. Perez-Garcia has failed to establish past persecution, he is not entitled to a presumption of future persecution.  He must therefore demonstrate a clear probability of future persecution based on a protected ground.  *See Sidabutar*, 503 F.3d at 1125; 8 C.F.R. § 1208.16(b)(2).

b.  *Particular social group*

Mr. Perez-Garcia contends he qualifies for withholding based on the likelihood of persecution due to his membership in a particular social group:  Mexican citizens who are returning from the United States and perceived as wealthy.

To qualify for withholding of removal based on membership in a particular social group, a noncitizen must establish that the group (1) shares a "common, immutable characteristic such as sex, color, or kinship ties"; (2) meets the requirement of "particularity," which "means the group cannot be indeterminate," that is, "too subjective, inchoate, and variable"; and (3) meets the requirement of "social distinction," that is, it is perceived as a group by society.  *Rodas-Orellana v. Holder*, 780 F.3d 982, 990-91 (10th Cir. 2015) (ellipsis and quotation marks omitted).

Applying this test, the BIA characterized Mr. Perez-Garcia's proposed social group as "too broad and amorphous," stating it "would include virtually any Mexican returning from the United States whom criminals might deem worth robbing," and

7

that the group was "indistinguishable from any other segment of Mexican society subjected to general conditions of crime and violence." Admin. R. at 4.

The BIA's conclusion finds support in many circuit cases that have rejected assertions of particular social groups resembling the one Mr. Perez-Garcia proposes. *See, e.g.*, *Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (upholding BIA's rejection of particular social group consisting of "individuals returning to Mexico from the United States who are believed to be wealthy" (brackets and quotation marks omitted)); *Gutierrez v. Lynch*, 834 F.3d 800, 805-06 (7th Cir. 2016) (rejecting particular social group consisting of "Mexican nationals who have lived in the U.S. for many years and are perceived as wealthy upon returning to Mexico"); *Dominguez-Pulido v. Lynch*, 821 F.3d 837, 845 (7th Cir. 2016) (rejecting particular social group consisting of persons deported from the U.S. who have money or are perceived to have money, and who have family members in the United States who can pay ransom); *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015) (stating perceived wealth after return from working in the United States is not a characteristic that can form the basis of a social group).

In addition, the record amply supports the BIA's decision. Although the record contains evidence of violence and corruption in Mexico, Mr. Perez-Garcia fails to point us to evidence that contradicts the BIA's determination that his proposed group did not meet the "particularity" requirement. And although he addresses the "social distinction" requirement—arguing that the BIA failed to consider how Mexicans themselves perceive his proposed social group—he fails to

8

support that argument with evidence. He makes only conclusory assertions that his proposed group meets the requirements.[4] In sum, the BIA properly affirmed the IJ's denial of his application for withholding of removal.

3. **Convention Against Torture**

"A claim under the CAT differs from a claim for asylum or withholding of removal under the INA because there is no requirement that the petitioners show that torture will occur on account of a statutorily protected ground." *Sidabutar*, 503 F.3d at 1125. Instead, the petitioner must demonstrate that it is more likely than not that he would be tortured if removed to his home country. *See Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1362 (10th Cir. 2019). Torture is the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1).

The evidence supports the BIA's conclusions that (1) the robbery and threats Mr. Perez-Garcia suffered at the hands of the Mexican police did not rise to the level of past torture, *see Xue*, 846 F.3d at 1103, 1107, 1110 (noncitizen who was "arrested and detained in cramped, dark, and unsanitary conditions for four nights and three

---

[4] In addition to his own experiences, Mr. Perez-Garcia cites evidence that some deportees to Mexico faced economic disadvantages due to their lack of ties to Mexico and their lack of Mexican paperwork. He also suggests that deportees may be targeted by smugglers or kidnappers who know that they have relatives in the United States who can be extorted. But to meet the particularity requirement, "[p]ersecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014), *vacated in part on other grounds, Reyes v. Lynch*, 842 F.3d 1125, 1143 (9th Cir. 2016).

days," "fed a bowl of porridge twice a day," and "hit on the back of his head with an officer's hand and then struck on his arm with an officer's baton" did not establish basis for a CAT claim); *Witjaksono v. Holder*, 573 F.3d 968, 978 (10th Cir. 2009) (noncitizen who was subjected to verbal taunts, hit in head by rock, suffered damage to his vehicle, and was punched in face by soldier failed to establish basis for CAT claim); and (2) he failed to show a non-speculative likelihood of future torture. Although he claims that Mexican police and criminals engage in robbery and extortion and sometimes use violence that may constitute torture, he fails to show a likelihood that he will be tortured. *See, e.g.*, *Herrera-Garcia v. Barr*, 918 F.3d 558, 562 (7th Cir. 2019) (stating noncitizen's claim that gangs would target him because of his American accent and extort him using torture was "too speculative" because there was "insufficient evidence to show that it is likely that [he] *specifically* [would] be extorted or that any extortion would rise to the level of torture"). We therefore affirm the denial of his CAT claim.

## III. **CONCLUSION**

We deny the petition for review.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

10