**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SANTOS RAUL ESCOBAR-
HERNANDEZ,

      Petitioner,

v.

WILLIAM BARR, Attorney General of
the United States,

      Respondent.

No. 18-9583

_____

**PETITION FOR REVIEW FROM AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS**
_____

Submitted on the briefs:

Reza Athari of Reza Athari & Associates, Las Vegas, Nevada, for Petitioner.

Joseph H. Hunt, Assistant Attorney General, United States Department of Justice,
Civil Division; Carl McIntyre, Assistant Director, Office of Immigration Litigation;
and Nancy Ellen Friedman, Senior Litigation Counsel, Office of Immigration
Litigation, Civil Division, United States Department of Justice, Washington, D.C., for
Respondent.
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

**McKAY**, Circuit Judge.
_____

Petitioner Santos Raul Escobar-Hernandez has filed a petition for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The petition's underlying facts rest on Petitioner's testimony, which the immigration judge found to be credible. Petitioner is a native and citizen of El Salvador and entered the United States without a valid entry document. He fled El Salvador after he was assaulted by two men, resulting in injuries requiring medical treatment. The assault occurred when the men noticed some graffiti critical of a political party on a fence near Petitioner's home. One of the men, whom Petitioner knew as Nelson, was fanatically devoted to the party. Although Petitioner is not politically active and told the men he did not paint the graffiti, Nelson said Petitioner was responsible for it because it was on his house and demanded he remove it. When Petitioner responded that he could not pay for removal, the men hit him and threatened to kill him. Petitioner is unsure if the men assaulted him because of the political graffiti or if they used it as an excuse to assault him merely because he was a vulnerable youth.

Petitioner later removed the graffiti, but Nelson attacked him twice more and continued to threaten him. Petitioner reported the assaults to the police and was told

that they were taking the matter seriously. Petitioner then fled El Salvador, arriving in the United States less than two months after the initial assault. Petitioner is afraid to return to El Salvador. He testified that violence is prevalent in El Salvador and is used especially against youths to intimidate them. He fears returning to his home town because of Nelson's threats, and he fears relocating elsewhere in El Salvador because other people could hurt him.

The immigration judge denied Petitioner's application, and the BIA affirmed. In his petition for review, Petitioner contends the BIA should have granted him asylum and withheld his removal because he suffered past persecution and has a well-founded fear of suffering future persecution based on political opinions Nelson imputed to him. Petitioner also argues the BIA should have granted him protection under CAT because, if he returns to El Salvador, Nelson will likely torture him with the acquiescence of law enforcement.

Where, as here, the BIA affirms an immigration judge's decision in a single Board member's brief order, the BIA's affirmance is the final agency decision, and we limit our review to the grounds for the BIA's decision. *Htun v. Lynch*, 818 F.3d 1111, 1118 (10th Cir. 2016). However, we may consult the immigration judge's fuller explanation of those same grounds. *Id.* In the asylum context, we review the BIA's legal conclusions de novo, and we review its factual findings only for substantial evidence, viewing them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Xue v. Lynch*, 846 F.3d 1099, 1104

(10th Cir. 2017); *see also Htun*, 818 F.3d at 1118 (noting substantial-evidence standard applies to factual determinations made in the CAT context as well).

With respect to Petitioner's application for asylum, the Attorney General has discretion to grant asylum to an applicant whom he determines is a refugee. 8 U.S.C. § 1158(b)(1)(A). In this context, a refugee is one who is "unable or unwilling to return to" his country "because of persecution or a well-founded fear of persecution on account of . . . political opinion." 8 U.S.C § 1101(a)(42)(A). The applicant bears the burden of proof to establish that he is a refugee, including, as relevant here, that his "political opinion was or will be at least one central reason" for persecution. 8 U.S.C. § 1158(b)(1)(B)(i). An applicant can establish he is a refugee by showing (1) "a well-founded fear of future persecution," (2) "past persecution, which creates a rebuttable presumption of a well-founded fear of future persecution," or (3) "past persecution so severe as to demonstrate compelling reasons for being unwilling or unable to return, even without any danger of future persecution." *Karki v. Holder*, 715 F.3d 792, 801 (10th Cir. 2013) (quotation marks omitted). An applicant premising his claim on "a well-founded fear of future persecution must show both a genuine, subjective fear of persecution, and an objective basis by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Id.* (quoting *Estrada-Escobar v. Ashcroft*, 376 F.3d 1042, 1046 (10th Cir. 2004)).

The BIA found the assault Petitioner suffered did not amount to past persecution because he failed to show the assault occurred on account of his political

-4-

opinion. It instead found the assault resulted from a personal disagreement over who was responsible for the graffiti and whether Petitioner, regardless of his political opinion, should remove it. As for future persecution, the BIA likewise found any threat of future harm from Nelson was not due to Petitioner's imputed political opinion. Further, although the BIA credited Petitioner's subjective fear of returning to El Salvador due to Nelson's threat and the prevalence of violence in the country, it found his fear was not objectively reasonable. It noted that the assault happened years ago during an election campaign that is now over, that Nelson is not from Petitioner's home town and never threatened Petitioner's family, and that there is no evidence Nelson is connected to the Salvadoran government or would be able to follow Petitioner to another part of the country. On the record before us, we cannot say that any reasonable adjudicator would be compelled to reach conclusions contrary to these. We also agree with the BIA's conclusion that, standing alone, pervasive violence or civil unrest in an applicant's country, without any indicia of connection to a protected ground asserted by the applicant, is not a basis for asylum. *See Maatougui v. Holder*, 738 F.3d 1230, 1241 (10th Cir. 2013) ("[G]reater lawlessness in general does not show persecution of a protected class, as is required for asylum relief.").

Aside from asylum, "[t]he Attorney General may withhold removal if [he] determines 'the alien's life or freedom would be threatened' in the country to which the alien would be removed 'because of . . . political opinion.'" *Htun*, 818 F.3d at 1121 (quoting 8 U.S.C. § 1231(b)(3)(A)). "'The burden of proof for withholding of removal is higher than for asylum' and requires the applicant to prove a 'clear

probability of persecution on account of a protected ground.'" *Id.* (quoting *Rodas–Orellana v. Holder*, 780 F.3d 982, 986–87 (10th Cir. 2015)).  Here, Petitioner's failure to meet the standard of proof for his asylum application forecloses his withholding-of-removal claim premised on the same facts.  *See Rodas-Orellana*, 780 F.3d at 987.

With respect to Petitioner's application for CAT protection, an applicant has "the burden to prove 'it is more likely than not that he would be tortured if removed to the proposed country of removal.'"  *Htun*, 818 F.3d at 1122 (ellipsis omitted) (quoting 8 C.F.R. § 1208.16(c)(2)).  "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official."  8 C.F.R. § 1208.18(a)(1).

The BIA found Petitioner had failed to show that any harm Nelson might inflict on him upon returning to El Salvador would be inflicted with the consent or acquiescence of the Salvadoran government, as no evidence suggested Nelson was connected to the government and Petitioner acknowledged that the police appeared to take his report of the assault seriously.[1]  Again, on the record before us, we cannot say

---

[1] Although the BIA's order is not pellucidly clear concerning its treatment of Petitioner's CAT argument, it appears to have affirmed the immigration judge's reasoning and determined that Petitioner did not offer a meaningful challenge to that reasoning in his briefing before the BIA.  The Attorney General does not contend that Petitioner failed to exhaust the CAT arguments he raises in this petition for review.  We conclude that, for exhaustion purposes, Petitioner sufficiently raised them before the BIA and that the BIA relied on the immigration judge's reasoning in its affirmance.  We thus review the CAT issue on the merits.

any reasonable adjudicator would be compelled to reach a contrary conclusion. And, again, we agree with the BIA's conclusion that, by itself, pervasive violence in an applicant's country generally is insufficient to demonstrate the applicant is more likely than not to be tortured upon returning there. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); *Herrera-Garcia v. Barr*, 918 F.3d 558, 562 (7th Cir. 2019).

Accordingly, the petition for review is **DENIED**.