**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OMAR HERNANDEZ-ORTIZ,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9519
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Omar Hernandez-Ortiz, a native and citizen of Guatemala, petitions for review

of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal

from the denial of withholding of removal and relief under the Convention Against

Torture (CAT).  Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny review.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

When Mr. Hernandez-Ortiz was only eight years old, older neighborhood boys started pressuring him to join the MS-13 gang. The boys constantly threatened him, displaying weapons and promising physical harm. On one occasion they assaulted him, leaving his face and nose bleeding. The pressure and threats continued for some three years until Mr. Hernandez-Ortiz left Guatemala and came to the United States in 2004, when he was eleven.

In 2016, the government issued Mr. Hernandez-Ortiz a notice to appear. Conceding that he was removable and that an asylum application would be untimely, he applied for withholding of removal and CAT relief based on his past treatment by the gang members and his fears of violent retribution by MS-13 if he returned to Guatemala. For withholding of removal, a petitioner must demonstrate his life or freedom would be threatened because of one or more protected grounds. *See* 8 U.S.C. § 1231(b)(3)(A). Mr. Hernandez-Ortiz chose the protected category of "membership in a particular social group," *id.*, and proposed a "particular social group" of "young men in Guatemala who are opposed to gang membership and that opposition is known to gang members," Admin. R. at 112 (hearing); *see also id.* at 18 (BIA brief).

The IJ found Mr. Hernandez-Ortiz to be credible and that, in light of his young age at the time, the treatment he experienced could rise to the level of persecution. But he determined that Mr. Hernandez-Ortiz had failed to demonstrate a nexus between the conduct and a cognizable "particular social group." The IJ concluded

2

that the proposed group was not a cognizable "particular social group" because it did not satisfy the requirements of particularity and social distinction. The IJ further held that even if the group were cognizable, Mr. Hernandez-Ortiz had failed to demonstrate that his membership in that group was a central reason for harm inflicted by the gang. Rather, "[t]hese behaviors by the gang are focused on gaining power and membership and terrorizing the citizenry not to overcome a protected characteristic." *Id.* at 68. Finally, the IJ denied CAT relief. He concluded that while the "testimony presents a bleak picture of the conditions in Guatemala including the control of his own neighborhood by the MS-13 gang," Mr. Hernandez-Ortiz had "not shown that he would be any more likely than any other person in Guatemala or in his town to be harmed by the MS-13 gang." *Id.* at 69 (explaining that "general conditions of civil unrest or violent conditions experienced generally by people do not provide a basis for relief"). The IJ also stated that Mr. Hernandez-Ortiz had failed to show that the gang's actions would occur with the consent or acquiescence of a public official.

The BIA agreed with the IJ that the proposed group was not a cognizable "particular social group." It also agreed that Mr. Hernandez-Ortiz was not entitled to CAT relief. "[T]he record does not establish that it is more likely than not that [he] will be tortured in Guatemala by or with the acquiescence or willful blindness of a public official or other person acting in an official capacity." *Id.* at 4. "[He] did not experience past torture and has not met his burden of proof based on a string of

3

suppositions that he will be targeted for torture, and that authorities would acquiesce or turn a blind eye to such harm." *Id.* The BIA therefore dismissed the appeal.

## DISCUSSION

### I. Standard of Review

A single-member BIA order "constitutes the final order of removal," and "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). "However, when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* For example, we will consult the IJ's decision "where the BIA incorporates by reference the IJ's rationale or repeats a condensed version of its reasons while also relying on the IJ's more complete discussion" or "where the BIA reasoning is difficult to discern and the IJ's analysis is all that can give substance to the BIA's reasoning in the order of affirmance." *Id.*

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *See Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012). Under the substantial-evidence standard, "the BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (brackets and internal quotation marks omitted).

4

## II.      Withholding of Removal

The Attorney General is precluded from removing an alien to a country where his or her "life or freedom would be threatened . . . because of" certain protected categories, including "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). It is the applicant's burden to prove eligibility for withholding of removal. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015).

Because "Congress did not define the term 'particular social group,'" the court "owe[s] deference to the BIA's interpretation of that phrase, provided the interpretation is reasonable." *Id.* at 990. The BIA has interpreted the phrase to require a group of persons "share a common, immutable characteristic" that is "beyond the power of an individual to change or that is so fundamental to his identity or conscience that it ought not to be required to be changed." *Id.* (internal quotation marks omitted). The BIA also requires an applicant to demonstrate the group has "particularity" and "social distinction." *Id.* at 990-91. "The basic premise of particularity is that the proposed group have particular and well-defined boundaries." *Rivera-Barrientos*, 666 F.3d at 648-49 (internal quotation marks omitted). "Social distinction," which previously was denominated "social visibility," means that a group is "perceived as a group by society. Members of the group may be visibly recognizable, but society can also consider persons to be a group without being able to identify the members by sight." *Rodas-Orellana*, 780 F.3d at 991 (emphasis and internal quotation marks omitted).

As stated above, Mr. Hernandez-Ortiz proposed the social group of "young men in Guatemala who are opposed to gang membership and that opposition is known to gang members." Admin. R. at 112. The BIA held, without further discussion, that he "did not show that this is a cognizable particular social group under existing case law." *Id.* at 3. In support, however, it referred to the portion of the IJ's decision stating the proposed group was neither particular nor socially distinct. We need not consider particularity because social distinction is dispositive.

The BIA has held that the proposed group "young Salvadorans who have been subject to recruitment efforts by criminal gangs, but who have refused to join for personal, religious, or moral reasons" fails the social distinction test. *Matter of S-E-G-*, 24 I. & N. Dec. 579, 588 (BIA 2008). "[V]ictims of gang violence come from all segments of society, and it is difficult to conclude that any 'group,' as actually perceived by the criminal gangs, is much narrower than the general population of El Salvador." *Id.* This court agreed with *Matter of S-E-G-* in two recent cases involving proposed groups in El Salvador that are similar to the group Mr. Hernandez-Ortiz suggests. *See Rodas-Orellana*, 780 F.3d at 991-93 (upholding the BIA's rejection of the proposed social group "El Salvadoran males threatened and actively recruited by gangs, who resist joining because they oppose the gangs" (internal quotation marks omitted)); *Rivera-Barrientos*, 666 F.3d at 653 (upholding the BIA's rejection of the proposed social group El Salvadoran "women between the ages of 12 and 25 who have resisted gang recruitment").

6

Mr. Hernandez-Ortiz is from Guatemala rather than El Salvador, but he has failed to show the circumstances in Guatemala materially differ from those in El Salvador with regard to whether persons targeted by the MS-13 gang are a socially distinct group. In light of *Rodas-Orellana* and *Rivera-Barrientos*, we cannot conclude that the BIA erred in rejecting his proposed social group.

## III.    CAT Relief

The BIA also affirmed the denial of Mr. Hernandez-Ortiz's application for CAT relief. "Article 3 of the Convention Against Torture prohibits the return of an alien to a country where it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Karki v. Holder*, 715 F.3d 792, 806 (10th Cir. 2013) (internal quotation marks omitted). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "[W]illful blindness suffices to prove acquiescence." *Karki*, 715 F.3d at 806 (internal quotation marks omitted). As with withholding of removal, it is the petitioner's burden to show he has met the requirements for CAT relief, *see Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1362 (10th Cir. 2019), but unlike withholding, for CAT relief a petitioner need not show that torture will be based on a statutorily protected ground, *see Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005).

The BIA did not err in holding either that Mr. Hernandez-Ortiz's CAT case largely rested on assumptions and speculation, or that assumptions and suppositions do not establish a case for CAT relief, *see Matter of J-F-F-*, 23 I. & N. Dec. 912, 917-18 & n.4, 921 (A.G. 2006); *Matter of M-B-A-*, 23 I. & N. Dec. 474, 479-80 (BIA 2002). Further, the record does not demonstrate that any reasonable adjudicator would be compelled to come to a different conclusion than the BIA regarding the case for CAT relief.

Mr. Hernandez-Ortiz acknowledges that "the Guatemalan government has manifested some willingness to attempt to protect its citizens from gangs," although he further alleges "that willingness has not translated into ability, leaving the government helpless to protect [him] and similarly situated citizens." Opening Br. at 20. But "pervasive violence in an applicant's country generally is insufficient to demonstrate the applicant is more likely than not to be tortured upon returning there," *Escobar-Hernandez*, 940 F.3d at 1362.

Moreover, while the country reports note official corruption and police misconduct in Guatemala, they also document efforts to combat those issues. To the extent the Guatemalan government's efforts have fallen short with regard to gang activity, we have not required evidence that policing efforts be successful to conclude that a government would not be willfully blind to criminal activity that could constitute torture. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (noting government's attempts to protect individual targeted by Northern Irish loyalist paramilitary groups); *Cruz-Funez*, 406 F.3d at 1192 (holding that evidence of

8

government corruption and underfunding of police was insufficient to compel a conclusion of government acquiescence to criminal activity by a private individual); *see also Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006) (concluding that Colombian government's inability to provide complete security from guerilla group did not constitute government acquiescence); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004) (concluding that Peruvian government's inability to apprehend members of terrorist group that extorted and robbed petitioner did not demonstrate government acquiescence).

## CONCLUSION

The petition for review is denied.

Entered for the Court

Joel M. Carson III
Circuit Judge