**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARCOS EMANUEL PENA-MONTES,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,*

Respondent.

No. 20-9569
(Petition for Review)

_____

**ORDER AND JUDGMENT**

_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Marcos Emanuel Pena-Montes ("Petitioner"), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals ("BIA"). He

seeks review of the BIA's dismissal of his appeal from the denial of his requests for

withholding of removal and relief under the Convention Against Torture ("CAT") by

---

* On March 10, 2021, Merrick B. Garland became Attorney General of the
United States. Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

an immigration judge ("IJ"). The IJ rejected Petitioner's requests after concluding his testimony in support was not credible. Upon review of the record presented, we conclude there is substantial evidence to support that finding. Accordingly, exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

## I.    Background

Petitioner came into the United States from Mexico in 2010 as a nonimmigrant on a border crossing card. By this entry, he was only permitted to remain in the country for 72 hours within 25 miles of the border. In 2013, the Department of Homeland Security served Petitioner with a Notice to Appear charging him with removability as an alien who failed to comply with the conditions of his non-immigrant admission. Petitioner admitted the factual allegations contained in the Notice and, after the IJ sustained the charge of removability, applied for asylum, withholding of removal, and relief under CAT.

In his written declarations in support of his asylum application and in his testimony before the IJ, Petitioner described two incidents in June and December 2009, respectively, in which he stated that people attempted to kill him. His descriptions of the incidents varied between his first and second written declarations and his later hearing testimony which were all offered in support of his asylum application.

In his first declaration, Petitioner described an incident in June 2009 when he was standing outside with his cousin. A truck drove by and fired on them, killing his cousin. Petitioner stated a woman who was with them was shot three times but

2

survived, and he "miraculously escaped with no injuries." R. at 244. He also described an incident in December 2009 in which he and a friend were outside a bar when a group of masked men drove up behind them and started shooting. Petitioner stated he was shot in the face and he believed his friend was killed. Petitioner managed to escape, and with the assailants pursuing him, he drove until he ran out of gas, at which point he got out of his car and ran. He subsequently hid in an abandoned house. Petitioner claimed he was rushed to a local hospital, where he learned his friend had survived. His parents came and visited him at the hospital, but then took him to recover at his uncle's house near Nuevo Casas Grandes, Chihuahua, because he feared for his safety. He stated sicarios (hired killers) later went to the hospital and killed his friend.

In his amended declaration, Petitioner stated the woman in the June 2009 incident was unharmed, rather than surviving three gunshot wounds, and that the vehicle drove by several times before the shooting started. He also stated that in the December incident, his aunt, not his parents, picked him up from the hospital, that he went to his brother's house before he went to his uncle's house, and that his uncle's house was near the city of Cuauhtémoc, Chihuahua, not Nuevo Casas Grandes.

At the hearing, Petitioner withdrew his application for asylum. In his testimony, he altered his prior description of the June incident to now state that the woman accompanying him and his cousin was not shot. Also, he added for the first time that he received a text message after the first shooting telling him it was "just a warning." R. at 178. When describing the events of the December shooting,

3

Petitioner testified that, after he left the hospital, he went first to his brother's house and then to his grandparents' house.

On cross-examination, he testified someone read both his first and second declarations to him in Spanish, he did not ever have a problem with his first statement, and he did not know why he had to fill out a second. He attributed the different accounts of whether the woman in the June incident was shot by saying "there's some confusion. The second time, the second attempt, when they shot me, when they shot at my friend, my friend was shot three times, not her." *Id.* at 202–03. Petitioner also confirmed on cross-examination that, although he claimed to have come to the United States about a week after he was shot in the face in the December 2009 incident, the photograph taken of him at the port of entry on January 24, 2010, did not depict any bandages, bruises, or facial injuries. *Id.* at 210.

Petitioner also provided differing facts in his applications for relief and his testimony before the IJ when describing his mental health. In his application for asylum and withholding of removal, Petitioner stated he "suffer[ed] from extreme PTSD." *Id.* at 374. He offered his PTSD diagnosis as an explanation for his failure to file an asylum application within the first year after he arrived in the United States. At the hearing, however, he acknowledged that he was never diagnosed with post-traumatic stress disorder by a doctor, he did not know what PTSD was, and he had never heard of it referred to as PTSD. *Id.* at 192–93.

Considering his testimony, his asylum application, both declarations, and the documentary evidence, the IJ found Petitioner was not credible. The IJ's reasons for

4

this finding included inconsistencies between Petitioner's written declarations and his testimony, the implausibility of his account of the December shooting (in which he was shot in the face but managed to evade the pursuing assailants by car and on foot), and the implausibility of his claims regarding the extent of his injuries from the December shooting given the January 24 photograph. In detailing the reasons for this finding, the IJ also pointed to the lack of medical records from Mexico corroborating Petitioner's claim of a hospital stay, or from doctors in the United States confirming he had suffered the injuries he described. The IJ thereafter denied Petitioner's request for withholding of removal and CAT relief.

Petitioner appealed the decision to the BIA, which dismissed the appeal. Reviewing the IJ's factual findings for clear error, *see* 8 C.F.R. § 1003.1(d)(3)(i), the BIA concluded the IJ gave specific and cogent reasons for her finding that Petitioner lacked credibility, "including inconsistencies and implausible testimony which [Petitioner] was given an opportunity to explain." R. at 3.

## II.     Whether substantial evidence supports the IJ's credibility finding

"Where, as here, the BIA affirms an immigration judge's decision in a single Board member's brief order, the BIA's affirmance is the final agency decision, and we limit our review to the grounds for the BIA's decision. However, we may consult the immigration judge's fuller explanation of those same grounds." *Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1360 (10th Cir. 2019) (internal citation omitted). We review the BIA's factual findings "only for substantial evidence, viewing them as conclusive unless any reasonable adjudicator would be compelled to

conclude to the contrary." *Id.* at 1361; *see also* 8 U.S.C. § 1252(b)(4)(B). Petitioner bore the burden of proof to establish eligibility for withholding of removal and CAT relief. *See Htun v. Lynch*, 818 F.3d 1111, 1121, 1122 (10th Cir. 2016).

Petitioner argues the IJ's factual findings relied upon unreasonable inferences and conjecture, such as her disbelief that the second shooting could have transpired the way he described, or doubt regarding his claim to have suffered a gunshot wound to the face despite a photograph taken shortly after the alleged shooting that showed no indication of severe injury. Petitioner further points to evidence in the record that supports his account, such as corroborating witness statements. Petitioner finally contends the alleged inconsistencies the IJ relied upon were overstated, and that, as a whole, his account was internally consistent: there were two incidents, one of which led to the death of his friend, and his family picked him up and cared for him in Mexico after the second incident before he went to the United States.[1]

But while these arguments may have supported a finding that Petitioner's testimony was credible, they do not establish that any reasonable adjudicator would be compelled to make such a finding. The IJ's findings are therefore conclusive. *See* 8 U.S.C. § 1252(b)(4)(B); *Escobar-Hernandez*, 940 F.3d at 1361. Because these conclusive findings preclude Petitioner's eligibility for withholding of removal or

---

[1] Petitioner also argues the IJ impermissibly cross-examined him without giving his counsel the opportunity to conduct a redirect examination. *See* Pet. Br. at 24–25. We do not consider this argument, though, because Petitioner did not exhaust it before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020).

CAT protection, we affirm the BIA's decision without considering its alternative conclusion that, even if his testimony were credible, Petitioner was ineligible for those forms of relief.

We deny the petition for review.

Entered for the Court

Mary Beck Briscoe
Circuit Judge