**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

IQBAL SINGH,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9548
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Iqbal Singh, a native and citizen of India, petitions for review of a decision by

the Board of Immigration Appeals (Board or BIA) affirming the denial of his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT).  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the

petition.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

I.      **Underlying Facts**

Mr. Singh is a Sikh from Punjab, India.  He is a worker for the Congress party, which is opposed by the Shiromani Akali Dal Badal party (the Badal party) and the Bharatiya Janata Party (BJP).

Mr. Singh testified that on May 10, 2016, he was hanging posters for the Congress party when five Badal party members initiated a confrontation.  Tearing down the posters, they cursed and verbally abused him.  When he protested, they began beating him with fists, sticks, and baseball bats, telling him to join the Badal party.  After about ten to fifteen minutes, the attackers ran away when passersby gathered.  Mr. Singh had bruises and went to a hospital, where he got "shots as well as some medicine."  R. Vol. 1 at 79.  He went to report the attack at a police station, but the officers declined to help him, saying they were unwilling to put their jobs at risk by writing something against the Badal party.

A few months later, on August 13, 2016, Mr. Singh was driving home on his motorcycle.  A vehicle stopped behind him, and then it ran into him and knocked him off.  Badal party members beat him with fists and bats for about ten to fifteen minutes.  A passerby took him home, and his mother took him to the hospital, where he got medicine.  In light of his earlier experience, he did not try to report the second attack to the police.

The next month, Badal party and BJP members threatened Mr. Singh on the street, saying they were not going to leave him alone and were going to beat him or

shoot him. He left India in October 2016 with the assistance of a paid agent. He entered the United States without valid entry documents and without authorization in November 2016.

After Mr. Singh left India, in 2017 and 2019 Badal party members went to the house where his family lives and inquired about him. During the 2017 visit, they told his mother to vote for the Badal party in an upcoming election. During the 2019 visit, they slapped his mother and verbally abused his wife.

## II.    Legal Standards

For asylum, a petitioner must establish he is a refugee. *See* 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is "unable or unwilling to return to the country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645-46 (10th Cir. 2012) (quoting 8 U.S.C. § 1101(a)(42)(A)) (emphasis omitted). "Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Ritonga v. Holder*, 633 F.3d 971, 975 (10th Cir. 2011) (internal quotation marks omitted). "[P]ersecution may be inflicted by the government itself, or by a non-governmental group that the government is unwilling or unable to control." *Id.* (internal quotation marks omitted). Where a petitioner seeks asylum based on fear of future persecution, he must show his fear is "both subjectively genuine and objectively reasonable." *Tulengkey v. Gonzales*, 425 F.3d

1277, 1281 (10th Cir. 2005). A petitioner does not have a well-founded fear of future persecution if he could avoid persecution by reasonably relocating within his country. *See id.*

The standard for withholding of removal is "more stringent" than that for asylum. *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012). "To be eligible for withholding of removal, an applicant must demonstrate that there is a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (internal quotation marks omitted).

Finally, "[t]o be entitled to any type of CAT relief, an applicant must 'establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Igiebor v. Barr*, 981 F.3d 1123, 1128 (10th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." 8 C.F.R. § 1208.18(a)(1). It "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* § 1208.18(a)(2). In assessing the likelihood of torture, a fact-finder must consider all relevant evidence, including "[e]vidence of past torture inflicted upon the applicant." *Id.* § 1208.16(c)(3)(i).

## III.    Agency Proceedings

Mr. Singh's Notice to Appear (NTA) alleged he entered the United States without a valid entry document and without being admitted or paroled after

4

inspection by an immigration officer. It charged him with being an immigrant who was not in possession of a valid entry document. Mr. Singh admitted the factual allegations in the NTA and conceded removability. He applied for asylum, withholding of removal, and relief under the CAT.

The immigration judge (IJ) found Mr. Singh's testimony to be credible. Although he recognized that Badal party members had twice attacked Mr. Singh and had threatened to shoot him, the IJ concluded that the circumstances did not rise to the level of past persecution. He further found that Mr. Singh had not established a well-founded fear of future persecution and that, even if he had, he could reasonably relocate to other areas of Punjab or other areas of India. Because Mr. Singh failed to demonstrate his eligibility for asylum, the IJ held that he necessarily failed to meet the standards for withholding of removal. Finally, as to the CAT, the IJ held that Mr. Singh failed to establish it is more likely than not that he would be tortured if he returned to India.

The Board adopted and affirmed the IJ's decision but also wrote separately to address specific arguments made on appeal. The Board rejected Mr. Singh's claim that the IJ minimized and failed to consider all the harm he suffered in India. It upheld the IJ's determination, under the law of this circuit, that the circumstances did not establish past persecution or a well-founded fear of future persecution. It also upheld the determination that Mr. Singh had failed to show he could not reasonably relocate. And it upheld the denial of CAT relief, rejecting Mr. Singh's assertions that

the past harm he experienced qualified as torture and that he was more likely than not to face torture upon his return to India.

Mr. Singh filed a timely petition for review.

## DISCUSSION

### I.    Standards of Review

"Where, as here, the BIA affirms an immigration judge's decision in a single Board member's brief order, the BIA's affirmance is the final agency decision, and we limit our review to the grounds for the BIA's decision." *Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1360 (10th Cir. 2019). "However, we may consult the immigration judge's fuller explanation of those same grounds." *Id.*

We review legal questions de novo and findings of fact for substantial evidence. *See id.* at 1360-61 (asylum and withholding); *Arostegui-Maldonado v. Garland*, 75 F.4th 1132, 1144 (10th Cir. 2023) (CAT claims). Under the substantial-evidence standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

### II.    Asylum

#### A.    Past Persecution

Mr. Singh argues the Board erred in determining the attacks on him did not rise to the level of past persecution. In this circuit, persecution is a finding of fact that is reviewed only for substantial evidence. *See Ting Xue v. Lynch*, 846 F.3d 1099, 1104 (10th Cir. 2016). Accordingly, "[t]he BIA's determination that the applicant is

not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004) (brackets and internal quotation marks omitted). "It can be reversed only if the evidence presented by the applicant was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* (brackets and internal quotation marks omitted).

Mr. Singh largely relies on out-of-circuit precedent to argue that the circumstances here rise to the level of persecution. But under this circuit's precedent, we cannot conclude that any reasonable adjudicator would be compelled to find past persecution. *See Ting Xue*, 846 F.3d at 1107 (four-day detention including assault did not constitute persecution); *Ritonga*, 633 F.3d at 976 (assault during home invasion and attack on car did not constitute persecution); *Witjaksono v. Holder*, 573 F.3d 968, 972, 977 (10th Cir. 2009) (taunts, throwing rocks, attack on car, and assault did not constitute persecution); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1124 (10th Cir. 2007) (multiple beatings resulting in injuries and demands for money did not constitute persecution), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023); *Tulengkey*, 425 F.3d at 1280-81 (robbery resulting in injury and attack on wedding did not constitute persecution); *Kapcia v. INS*, 944 F.2d 702, 704, 708 (10th Cir. 1991) (detentions including beatings and interrogation did not constitute persecution). Mr. Singh asserts that the Board failed to consider all the harm he suffered, minimized the harm, and failed to consider the threats and violent acts cumulatively. But the agency explicitly

7

recognized the attacks and the threats.  Mr. Singh effectively asks us to reweigh the evidence, which we cannot do.  *See Yuk*, 355 F.3d at 1233.[1]

Mr. Singh also asserts that he "suffered some economic harm, indirectly, as he was forced to leave his job, too, when he fled India."  Pet'r's Opening Br. at 24.  The government asserts that he did not raise this argument before the Board.  Although a petitioner's failure to raise an argument before the Board is not jurisdictional, § 1252(d)(1)'s exhaustion requirement "is a quintessential claim-processing rule." *Santos-Zacaria*, 598 U.S. at 417.  Because Mr. Singh did not raise his argument before the Board, and the government invokes the rule, we decline to consider the argument.  *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("A claim-processing rule may be mandatory in the sense that a court must enforce the rule if a party properly raises it." (brackets and internal quotation marks omitted)).

In addition, Mr. Singh asserts the IJ ignored the 2017 and 2019 visits to his house by Badal party members.  The Board stated that "these incidents occurred after [he] left India and are therefore not considered past harm suffered by [him] for the purposes of the past persecution analysis."  R. Vol. 1 at 4.  Mr. Singh's bare proclamation that "[t]he harm or threatened harm suffered by [his] mother and wife reverberated upon [him], even though he was in the United States at the time," Pet'r's Opening Br. at 28, does not persuade us that the Board reversibly erred in declining

---

[1] Mr. Singh's opening brief discusses whether he established a nexus between persecution and a protected ground, as required for an asylum (or withholding) claim. It does not appear, however, that the agency needed to reach this issue once it concluded that the harm Mr. Singh described did not rise to the level of persecution.

to consider these incidents in considering whether *Mr. Singh* experienced past persecution. Notably, as discussed below, the Board did consider the incidents in assessing whether he established a well-founded fear of future persecution.

For these reasons, Mr. Singh has not shown that any reasonable adjudicator would be compelled to conclude that he established past persecution.

### B.      Future Persecution

Mr. Singh further argues the Board erred in failing to find he has a well-founded fear of future persecution. The Board recognized he had a subjective fear, but it held that he failed to show the fear also was objectively reasonable. It held that the 2017 and 2019 Badal party visits to his family did not demonstrate a reasonable possibility that Mr. Singh would be subjected to harm rising to the level of persecution. It further noted that, due to a change of government in favor of the Congress party, Mr. Singh failed to establish the government would be unwilling or unable to control his alleged persecutors.[2] Finally, the Board upheld the IJ's finding that he had not met his burden to show he could not reasonably relocate within India. Like the finding on past persecution, we review the finding regarding future persecution for substantial evidence. *See Escobar-Hernandez*, 940 F.3d at 1361.

Mr. Singh relies heavily on the 2017 and 2019 incidents in arguing for a finding of future persecution. But the Board's decision is consistent with our caselaw. Although "unfulfilled threats are . . . properly considered in determining

---

[2]  Mr. Singh's opening brief asserts that the IJ declined to reach this issue. But the Board did reach the issue in its discussion of future persecution.

whether a petitioner has a reasonable fear of future persecution," "only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). The record does not compel any reasonable adjudicator to find that the threats here met that standard. *See Zhi Wei Pang*, 665 F.3d at 1231 (recognizing that "[m]ere denigration, harassment, and threats are insufficient" to establish persecution (internal quotation marks omitted)); *Ritonga*, 633 F.3d at 975 (recognizing that "[p]ersecution . . . must entail more than just restrictions or threats to life and liberty").

Mr. Singh also highlights evidence in his favor to argue the Board erred in finding he failed to show he could not reasonably relocate. But even though the record contains evidence supporting his position, that does not mean that the Board's determination is unsupported by substantial evidence. To the contrary, the record contains substantial evidence supporting the Board's finding. Again, much of Mr. Singh's argument amounts to a request to reweigh the evidence. To the extent that Mr. Singh relies on new developments in India, our review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). And to the extent he relies on Ninth Circuit cases regarding the likelihood of persecution of Mann party members in India, such decisions are unpersuasive. Mr. Singh is not a member of the Mann party, and as he admitted to the IJ, the Congress party does not support the Khalistan secession movement, which is a ground for persecution of Mann party members. *See Singh v. Garland*, 57 F.4th

10

643, 648 (9th Cir. 2023) ("The Mann Party advocates for the creation of a sovereign state for Sikh people and is opposed by the Congress Party, one of India's major political parties."); *Singh v. Whitaker*, 914 F.3d 654, 657 (9th Cir. 2019) ("The Mann Party advocates for Sikh rights and an independent Khalistan state.").

For these reasons, Mr. Singh has not shown that any reasonable adjudicator would be compelled to conclude that he established an objectively supportable well-founded fear of future persecution.

## III.    Withholding of Removal

Mr. Singh challenges the denial of withholding of removal.  His failure to satisfy the burden of proof for asylum, however, means he also necessarily failed to satisfy the higher standard for withholding of removal.  *See Escobar-Hernandez*, 940 F.3d at 1362; *Zhi Wei Pang*, 665 F.3d at 1233.

## IV.    Relief under the CAT

Finally, Mr. Singh challenges the denial of CAT relief.  Having upheld the Board's determination that Mr. Singh did not establish past persecution or a well-founded fear of future persecution, we also uphold the conclusion that he failed to satisfy the more severe standard applicable to CAT claims.  *See Zhi Wei Pang*, 665 F.3d at 1234; *Sidabutar*, 503 F.3d at 1125-26.  The Board's findings regarding the likelihood of torture are supported by substantial evidence.

**CONCLUSION**

We deny the petition for review.

Entered for the Court


Allison H. Eid
Circuit Judge