**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSE DANIEL HERNANDEZ-ROMERO,

    Petitioner,

v.

PAMELA BONDI,
United States Attorney General,[*]

    Respondent.

No. 24-9535
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]

_____

Before **MORITZ**, **EID**, and **FEDERICO**, Circuit Judges.

_____

Petitioner Jose Daniel Hernandez-Romero filed applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"), alleging that while living in his native Guatemala he was harassed,

extorted, and beaten by gang members. An immigration judge ("IJ") denied his

_____

[*] On February 5, 2025, Pamela Bondi became Attorney General of the United States. Consequently, her name has been substituted for James R. McHenry, III as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

applications, and the Board of Immigration Appeals ("BIA") affirmed the decision on appeal. Petitioner now petitions this court for review. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.

## I. Background

Petitioner is a native citizen of Guatemala who first entered into the United States illegally in 2001. After his removal from the United States several years later, he again entered without inspection in January 2013. He was charged as removable in 2016 under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner conceded his removability and filed applications for asylum, withholding of removal, and protection under the CAT.

At a merits hearing on his applications, Petitioner testified he is an indigenous Guatemalan, known as Maya, and that in his hometown a gang called "Mara Salvatrucha" or "MS" extorted money from Mayans and stole from them. Petitioner testified that while walking to work as a field hand, members of MS would ask him and his cousins for money and take their food. He further testified that in 2010 members of MS killed his cousins, who were also Mayan, because they did not want to join the gang. Two years later, several gang members demanded Petitioner's money. When he said he had none, the gang members beat him and broke his leg.

Petitioner also testified he fears harm from MS based on his status as a Guatemalan who has returned from the United States. He asserted that after he was previously removed to Guatemala, members of MS targeted him because they believed he had money. He testified that in 2020, his mother called him and reported

that gang members had entered her home without permission and told her that if Petitioner ever came back, they would be waiting for him.

On cross-examination, Petitioner admitted that MS targets all Guatemalans, including non-indigenous people, for extortion. He also admitted that MS had tried to recruit him into the gang, and that MS would accept anyone, indigenous or not.

The IJ denied Petitioner's applications. She held the asylum claim was barred because Petitioner did not file his application within a year of his arrival in the United States. She denied the withholding claim because Petitioner had not shown the requisite nexus between the harm he suffered and his status as an indigenous Guatemalan, and because his other proposed particular social groups—Guatemalans who have disrespected MS and Guatemalans who have returned from the United States—were not cognizable.[1]  Finally, the IJ denied the CAT claim because Petitioner failed to establish it is more likely than not he would be tortured upon his return to Guatemala with the acquiescence of the Guatemalan government.

Petitioner did not challenge the IJ's denial of the asylum claim, but he appealed the denial of withholding of removal and CAT protection to the BIA. The BIA affirmed, and Petitioner then filed a timely petition for review with this court.

---

[1] In his opening brief before this court, Petitioner devoted two sentences of argument to his other proposed particular social groups. We decline to address those underdeveloped and conclusory arguments. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

## II.  Discussion

### A.  Standard of Review

"This court reviews the BIA's legal determinations de novo, and its findings of fact under a substantial-evidence standard." *Xue v. Lynch*, 846 F.3d 1099, 1104 (10th Cir. 2017) (internal quotation marks omitted).  "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted).  "This is a highly deferential standard." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (internal quotation marks omitted). "Under this standard, we do not weigh evidence or independently assess credibility; rather, even if we disagree with the BIA's conclusions, we will not reverse if they are supported by substantial evidence and are substantially reasonable." *Htun v. Lynch*, 818 F.3d 1111, 1119 (10th Cir. 2016) (brackets and internal quotation marks omitted).

### B.  Withholding of Removal

An applicant for withholding of removal must show a clear probability that if removed, his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3)(A); *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012). Petitioner contends the BIA erred in concluding there was no nexus between the harm he suffered and his status as an indigenous Guatemalan.[2]  We disagree.

---

[2] In asylum cases, a petitioner must establish that the protected ground was "central" to the persecutor's motivation. *Niang v. Gonzales*, 422 F.3d 1187, 1200 (10th Cir. 2005) (internal quotation marks omitted).  Both parties seem to agree this standard also applies to Petitioner's withholding claim. *See, e.g.,* Opening Br. at 30

Petitioner's own testimony provided substantial evidence that in harassing and beating him, gang members were not motivated by his indigenous status. He believed that after he returned to Guatemala from the United States, members of MS targeted him because they thought he had money. Similarly, he stated that when gang members broke his leg in 2012, they did so because he had no money to give them. Petitioner also testified that his cousins were killed because they refused to join MS—not because of their indigenous status—and he admitted that MS targets Guatemalans of all kinds, indigenous and non-indigenous alike. In short, no reasonable adjudicator would be compelled to conclude there was a nexus between Petitioner's persecution and his indigenous status. The BIA committed no error in affirming the IJ's finding.

We likewise reject Petitioner's assertion that the BIA engaged in impermissible fact-finding. The BIA's decision clearly demonstrates otherwise. *See* R. at 4 ("[W]e find no error in the immigration judge's finding that [Petitioner] has not established the requisite nexus between the harm he suffered and his status as an indigenous Guatemalan man.").

---

("An applicant must show that one of the listed protected grounds was or will be at least one central reason for persecuting the applicant." (internal quotation marks omitted)). But other circuits have concluded that the withholding statute imposes a less demanding standard—namely, a showing that the protected ground was "a reason" for the persecution. *E.g., Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). We need not resolve this question, however, because Petitioner has not established the requisite nexus under either standard.

Finally, Petitioner faults the IJ for failing to address his withholding of removal claim based on his indigenous Mayan race. For purposes of his application, however, we fail to see how his race is different from his membership in the particular social group of indigenous Guatemalan men.

## C. CAT Relief

With respect to Petitioner's application for CAT protection, an applicant has "the burden to prove 'it is more likely than not that he would be tortured if removed to the proposed country of removal.'" *Htun*, 818 F.3d at 1122 (ellipsis omitted) (quoting 8 C.F.R. § 1208.16(c)(2)). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . when such pain or suffering is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1).

The BIA affirmed the IJ's holding that the record did not support a finding that if returned to Guatemala, Petitioner is more likely than not to be tortured by a public official or with the consent or acquiescence of a public official. On the record before us, we cannot say any reasonable adjudicator would be compelled to reach a contrary conclusion. Petitioner submitted generalized evidence that Guatemala is a crime-ridden country, controlled in many parts by gangs, and that the national police are frequently corrupt and lacking in resources. But such evidence is insufficient to show that Petitioner is more likely than not to be tortured upon returning there. *See Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1362 (10th Cir. 2019).

6

### III. Conclusion

We uphold the BIA's affirmance of the IJ's decision under the substantial evidence standard.  The petition for review is denied.

Entered for the Court

Nancy L. Moritz
Circuit Judge